**Allen S. SABOL, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–1123.

United States Court of Veterans Appeals.

Argued Jan. 23, 1992.

Decided March 3, 1992.

Ronald L. Smith, for appellant.

William S. Mailander, with whom James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, Washington, D.C., were on the pleadings, for appellee.

Before MANKIN, HOLDAWAY and IVERS, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Allen S. Sabol, appeals a decision of the Board of Veterans' Appeals (BVA or Board) dated June 15, 1990. Appellant claims he is entitled to a 70% rating for anxiety reaction under new criteria in the ratings schedule for mental disorders, 38 C.F.R. § 4.132, which became effective on February 3, 1988. Appellant contends that the BVA impermissibly revised the facts found in a previous BVA decision and awarded him a 50% rating for anxiety reaction based on those revised facts. We agree with appellant and reverse the decision of the BVA. We will remand the case to the BVA with the direction to readjudicate and provide adequate "reasons or bases" for the decision. *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). The Court will also direct the BVA to consider whether appellant is entitled to a total disability rating under 38 C.F.R. § 4.16(c) (1991).

BACKGROUND

Appellant served in the United States Air Force from September 1943 to June 1946. He was a prisoner of war of the German government.

On March 21, 1989, the BVA rendered a decision (not the decision on appeal) in a claim brought by appellant seeking increased ratings for all his service-connected disabilities. With regard to appellant's service-connected anxiety reaction disorder, the BVA determined that appellant was not

entitled to more than a 50% rating for that disorder. In its decision, the BVA stated:

Disability ratings reflect, as nearly as possible, average impairment of earning capacity. These evaluations are based, in large degree, on the impairment which recent clinical findings objectively show to be the result of service-connected disability. The veteran's psychiatric disorder is principally manifested by anxiety, depression, occasional suicidal ideation, insomnia, and nightmares. Nevertheless, the disorder is shown to be relatively stable and productive of not more than *substantial social impairment and severe industrial impairment.* Accordingly, a higher evaluation is not warranted.

(Emphasis added).

In the 1989 decision, the BVA applied 38 C.F.R. § 4.132 (Diagnostic Code 9400) "effective prior to December 18, 1987" in making this determination. Certain sections of 38 C.F.R. § 4.132, had been changed on February 3, 1988, to make more uniform the application of ratings for mental disorders. *See* 55 Fed.Reg. 22 (1988). The BVA gave no reason why it applied the outdated schedular criteria.

Appellant, through his accredited representative, wrote a letter to the Department of Veterans Affairs (VA) on July 20, 1989, in response to the 1989 BVA decision. Appellant sought entitlement to a rating in excess of 50% for anxiety, based on the *new* schedular criteria, which were in effect at the time of the 1989 BVA decision. A rating decision issued by the VA Regional Office (VARO) on October 6, 1989, continued the 50% rating. Appellant, through his accredited representative, appealed the decision of the VARO to the BVA.

The BVA issued another decision on June 15, 1990. The Board in 1990 considered appellant's contention that he was entitled to a 70% rating but determined that appellant's condition did not warrant a rating in excess of 50%.

In his appeal to this Court, appellant argues that in 1990 the Board impermissibly revised the facts to justify awarding a 50% rating. Appellant states that no new evidence was submitted and no new psychiatric examination had been performed since the 1989 BVA decision which found his condition to be "severe," at least insofar as industrial impairment was concerned. Appellant contends that he is entitled to a 70% rating based on the facts found by the BVA in 1989 and the revised and liberalized schedular criteria.

## ANALYSIS

The pre–1988 version of 38 C.F.R. § 4.132 (1987), provided the following criteria for rating mental disorders:

70 percent:

Ability to establish and maintain effective or favorable relationships with people is *seriously* impaired. The psychoneurotic symptoms are of such severity and persistence that there is a *pronounced* impairment in the ability to obtain or retain employment.

50 percent:

Ability to establish or maintain effective or favorable relationships with people is *substantially* impaired. By reason of psychoneurotic symptoms the reliability, flexibility and efficiency levels are so reduced as to result in *severe* industrial impairment.

(Emphasis added). The purpose of the 1988 change in the rating criteria was to provide consistency in describing social and industrial impairment in each of the categories of mental disorders. VA O.G.C. Prec. 7–89 at 2 (Mar. 8, 1989). The new regulations, which are currently in effect, provide the following criteria for rating mental disabilities as 50% and 70% disabling:

70 percent:

Ability to establish and maintain effecttve [sic] or favorable relationships with people is *severely* impaired. The psychoneurotic symptoms are of such severity and persistence that there is *severe* impairment in the ability to obtain or retain employment.

50 percent:

Ability to establish or maintain effective or favorable relationships with people is *considerably* impaired. By

reason of psychoneurotic symptoms the reliability, flexibility and efficiency levels are so reduced as to result in *considerable* industrial impairment.

(Emphasis added). Under the pre–1988 rating schedule for mental disabilities, therefore, a veteran suffering from "severe" industrial impairment, whose ability to establish and maintain effective or favorable relationships with people was "seriously" impaired, was entitled to a 50% disability rating. 38 C.F.R. § 4.132 (1987). Under the new rating schedule, effective since February 3, 1988, a veteran suffering from "severe" industrial impairment, whose ability to establish and maintain effective or favorable relationships with people is "severely" impaired, would be entitled to a 70% disability rating. 38 C.F.R. § 4.132 (1991). "[A]ll things being equal, if the evidence remain[s] unchanged ... the clear intent of the 1988 change to the diagnostic code was that there be an upward revision to a 70–percent rating." *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991).

In the June 1990 BVA decision, the BVA determined that appellant's condition "was productive of not more than considerable social and industrial impairment." The determination that appellant's condition produced "considerable" impairment was made despite the fact that no additional evidence was submitted after the 1989 BVA decision which found appellant's condition was "severe" with regard to industrial impairment. The BVA, in fact, in its 1990 decision, concedes this point:

> We note that no psychiatric evaluation has been rendered since the last decision of the Board.... As previously noted by the Board ... the veteran's psychiatric disorder continues to be principally manifested by anxiety, depression, occasional suicidal ideation, insomnia, and nightmares....

The 1990 BVA decision concluded by stating:

> In order to establish entitlement to a 70 percent evaluation, it must be demonstrated that the veteran's psychiatric symptoms produce *severe* social and industrial impairment. We hold that they

do not. *The disorder is shown to be relatively stable and productive of not more than considerable social and industrial impairment.* Accordingly, a higher evaluation is not warranted.

(Emphasis added).

As in *Fletcher,* it appears that the BVA may have inverted the decision process and concluded that the rating percentage should be kept the same because there was no change in the evidence, and then made the wording of its factual findings consistent with that determination. See *Fletcher,* 1 Vet.App. at 397. The percentage affixed to a disability flows from its severity, not the other way around.

The case must be remanded. If on remand, which, as *Fletcher* points out, entails "a critical examination of the justification of the (original) decision," a finding of considerable impairment is adhered to, then the BVA must justify that decision in face of a record that contains no new evidence subsequent to the 1989 decision which found him "substantially impaired" socially and to have "severe" industrial impairment. *Id.*

In the event the BVA finds a 70% rating, then, the Court also directs the BVA to consider whether appellant is entitled to a total rating under 38 C.F.R. § 4.16(c) (1991). That provision allows for a 100% schedular evaluation if the veteran suffers from a mental disorder rated as 70% disabling, *and* that disability precludes the veteran from securing or following a substantially gainful employment.

The decision of the BVA is REVERSED and the case is REMANDED for action consistent with this opinion.