CD, **Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–438.**

United States Court of Veterans Appeals.

Aug. 4, 1992.

Before MANKIN, Associate Judge.

## MEMORANDUM DECISION

MANKIN, Associate Judge:

This case, which has been sealed on motion of appellant, concerns an appeal of a July 16, 1990, Board of Veterans' Appeals (Board or BVA) decision that denied appellant his reopened claim for entitlement to service connection for a chronic back disorder, and an increase in rating for a service-connected psychiatric disorder, hemorrhoids, and prostatitis with urethritis. The Court has jurisdiction pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)). The Secre-

tary of Veterans Affairs (Secretary) filed a motion for remand to which appellant has filed a motion in opposition. The Court grants the Secretary's motion in part, reverses the BVA decision in part, and remands in part for proceedings consistent with this opinion.

### Back Condition

A review of the BVA decision and record before us reveals that appellant has not disputed the BVA's denial of service connection for a chronic back disability. The Court holds that appellant has not demonstrated that the BVA committed either legal or factual error which would warrant reversal and remand on this issue. The Court is also satisfied that on the issue of service connection for a chronic back disability, the BVA decision complies with the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b)). *See Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). Thus, affirmance on this issue is warranted.

### Anxiety Reaction

■ On August 25, 1988, the BVA made the following finding of fact:

The veteran's anxiety reaction is manifested by flashbacks, poor judgment, and poor peer relationships resulting in no more than *severe industrial impairment.*

R. at 356 (emphasis added). Based on that finding, the 1988 Board concluded that the veteran's "[a]nxiety reaction warrants a 50 percent evaluation." R. at 357. The 1988 Board erred when it cited portions of 38 C.F.R. part 4 relating to Diagnostic Code (DC) 9400, which it stated were "effective *prior* to February 3, 1988." (emphasis added). The BVA failed to apply the correct regulation, dated *after* February 3, 1988, which states that a finding of severe impairment in ability to obtain or retain employment warrants a 70% rating. 53 Fed.Reg. 21 (Jan. 4, 1988) (codified at 38 C.F.R. § 4.132, DC 9400); *see Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991).

In its July 16, 1990, decision, the BVA responded to the veteran's request for a remand to properly reclassify the nervous disorder as post-traumatic stress disorder by stating: "No matter how the veteran's psychiatric disability is classified, *no increase* in its overall severity has been shown by the evidence of record." *BVA decision,* at 6 (emphasis added). Apparently, the 1990 BVA decision found no increase in disability since its 1988 decision that the veteran's condition resulted in no more than severe industrial impairment. Again, the Board erred in failing to apply the correct law.

The issue of whether appellant is entitled to an increased disability rating for service-connected anxiety reaction is controlled by *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991), and *Sabol v. Derwinski,* 2 Vet.App. 228, 230 (1992). While this case is similar to *Fletcher* and *Sabol* in that the BVA ignored a critical change in the VA Schedule of Rating Disabilities that occurred during the pendency of appellant's claim, the instant case differs because the BVA ignored the change during two separate adjudications of appellant claim, once in August 1988 and again in July 1990. The Court in *Fletcher* noted, with respect to the change in the psychiatric schedular criteria adopted in January 1988, that "all things being equal, if the evidence remained unchanged (and so supported a finding of 'severe' industrial impairment), the clear intent of the 1988 change to the diagnostic code was that there be an upward revision to a 70–percent rating." *Fletcher,* 1 Vet. App. at 397.

Thus, under the clear intent of the 1988 regulatory amendment, if the evidence of the veteran's psychiatric condition remained the same or grew worse, he is entitled to a 70% disability rating. In addition to 1987 medical reports describing the veteran's condition as "severely impaired social functioning, withdrawal, alienation, [and] depression" (R. at 437), on February 9, 1989, the veteran's "mental and emotional outlook [was] such that he [took] little or no satisfaction or pleasure from any of his activities, and in fact [had] withdrawn from most social interactions and previously en-

joyed activities." R. at 443. On June 19, 1989, it was noted:

> He remains depressed to the point that he is essentially non-functional, with impaired sleep and appetite, anhedonia, feelings of helplessness and hopelessness.... Has impaired concentration, lack of motivation, social isolation and withdrawal. Prominent intrusive paniful [sic] recollections of combat experiences and nightmares [which] warrant [the diagnosis] of *Post–Traumatic Stress Disorder,* along with elements of anxiety and depression.

R. at 445 (emphasis in original). The evidence explicitly indicates that his condition at least remained the same and apparently worsened to the point where the veteran was "essentially non-functional" in 1989.

Giving full effect to the 1988 regulatory amendment, the Court finds no plausible basis in the record to support the Board's factual finding that the veteran's anxiety reaction produced "not more than considerable social and industrial impairment." *BVA decision* at 8. *See Gilbert,* 1 Vet. App. at 53; *Anderson v. City of Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985). After a review of the entire record regarding appellant's psychiatric disorder, the Court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *Brannon v. Derwinski,* 1 Vet.App. 314, 317 (1990); *Spencer v. Derwinski,* 1 Vet.App. 125, 126–27 (1991); *Gilbert,* 1 Vet.App. at 52–53. Insofar as the BVA denied an evaluation in excess of 50% for anxiety reaction, the BVA decision must be reversed as clearly erroneous under 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)). The Secretary is directed to grant a 70% disability rating for service-connected anxiety reaction according to the revised VA Schedule of Rating Disabilities, 38 C.F.R. § 4.132, DC 9400 (1991).

### Hemorrhoids

■ The veteran is currently rated as 20% disabled by hemorrhoids under 38

C.F.R. § 4.114, DC 7336 (1991). A 20% rating under this diagnostic code requires persistent bleeding with secondary anemia, or with fissures. In addition to the symptomatology required by DC 7336, the veteran gave sworn testimony at a hearing on November 14, 1989, that his hemorrhoid condition necessitates the wearing of a pad because of leakage. R. at 406, 502. This symptomatology more closely resembles that set forth in the rating criteria for "Rectum and anus, impairment of sphincter control." 38 C.F.R. § 4.114, DC 7332 (1991). The veteran's claim must be remanded for application of Diagnostic Code 7332 and for the BVA to provide a clear statement of its reasons or bases as required by 38 U.S.C. § 7104(d)(1).

### Prostatitis with Urethritis

█ The VA Schedule of Rating Disabilities does not include a diagnostic code specifically describing prostatitis with urethritis. Thus under 38 C.F.R. § 4.27 (1991), the veteran has been assigned a hyphenated diagnostic code to indicate that the rating is determined on the basis of his residual condition: DC 7527–7512. Again, the BVA did not provide adequate reasons or bases for denying an increased rating, in light of the veteran's sworn testimony that although he does not wear pads on a continuous basis for his prostatitis with urethritis, he must wear them "from time to time" to prevent leakage. R. at 502. The veteran's VA Form 1–9 noted: "I am passing water, 4 to five times a night and constantly all day long." R. at 405. Moreover, the veteran's testimony also noted that "it is not uncommon to go 15 times a day to pass water or 20". R. at 498. Under 38 C.F.R. § 4.7 (1991), if the disability picture more nearly approximates the criteria for the higher rating, the higher rating should be assigned. The veteran's case must be remanded for the Board to set forth adequate reasons or bases for its denial of an increased rating when the symptomatology described above more closely resembles that of a 40% or 60% disability rating, and for a complete analysis of the credibility or probative value of evidence submitted by or on behalf of the veteran in support of his claim. *Ohland v. Derwinski*, 1 Vet.App. 147, 150 (1991); *Gilbert*, 1 Vet.App. at 56–57.

### Unemployability

█ Both appellant and the Secretary recognize that the BVA failed to consider adequately all the evidence in light of the veteran's claim of total disability based on unemployability. This issue was raised in the proceedings below and not addressed by the Board's decision. *Mingo v. Derwinski*, 2 Vet.App. 51, 54 (1992); *Myers v. Derwinski*, 1 Vet.App. 127, 129 (1991). Appellant's claim must be remanded for application of 38 C.F.R. § 4.16. *See Karnas v. Derwinski*, 1 Vet.App. 308 (1991).

### Conclusion

After consideration of appellant's brief, the Secretary's motion for remand, and appellant's motion in opposition thereof, the Court finds that summary disposition is appropriate, when as here, the issues are of relative simplicity, they do not apply an established rule of law to a novel fact situation, and the outcome is not reasonably debatable. *See Frankel v. Derwinski*, 1 Vet.App. 23, 26 (1990). The Court notes that "a remand is meant to entail a critical examination of the justification for the decision," and not just a superficial rewriting of the decision. *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991).

The Secretary's motion for remand is GRANTED in part, and DENIED in part. The July 16, 1990, decision of the BVA is summarily AFFIRMED on the back condition, REVERSED in its denial of an increased rating for anxiety reaction, VACATED on the issues of an increased rating for hemorrhoids and prostatitis with urethritis, and REMANDED in part for further proceedings consistent with this decision.