Gregory O. BOWERS, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–565.

United States Court of Veterans Appeals.

Submitted May 13, 1992.

Decided Aug. 6, 1992.

Gregory O. Bowers, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Michael P. Butler, Washington, D.C., were on the pleadings, for appellee.

Before FARLEY, HOLDAWAY and STEINBERG, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Gregory O. Bowers, had active military service from December 1964 to October 1968 and from December 1974 until October 1976. He was awarded a 10% disability for the residuals of a herpes virus infection he contacted through sexual transmission during the latter period of service. He is also service-connected for an apparently unrelated removal of a testes and is non-service-connected for an apparently unrelated case of acne. His appeal to this Court is based on his contention that he should have received a higher rating for his herpes disability.

The appellant, who is appearing before this court *pro se*, asks this Court to reverse the Board of Veterans' Appeals (BVA or Board) decision and award him a total disability rating. The Secretary of Veterans Affairs (Secretary) argues that the BVA decision was not clearly erroneous and should be affirmed. The Court does not agree with either party. Rather, we find that this case was inadequately developed in the adjudications below. Given the posture of the evidence before us, it is not possible to affirm; nor is there sufficient evidence to justify the award of a higher rating. The case will be remanded for further development of the facts.

I.

In the absence of a specific diagnostic code for herpes, disability ratings for residuals of herpes are apparently arrived at by considering 38 C.F.R. § 4.118 (1991) Diagnostic Codes (DC) 7800 (Scars) and 7806 (Eczema). We find no evidence of an examination that was conducted during the active stage of the infection. The BVA simply determined that since the lesions underwent periods of remission they could not be so extensive or disfiguring as to warrant a higher rating. That is a nonsequitur.

As we read the regulations, 38 C.F.R. § 4.1 (1991), and the diagnostic codes, cited above, it is the frequency and duration of the outbreaks and the appearance and virulence of them during the outbreaks that must be addressed, in terms of whether there is "marked disfigurement" (sufficient itself for a 30% rating) under DC 7806 or "severe" scarring under DC 7800, Periodicity is only one factor to be considered. On the other hand, statements in the file from appellant are themselves somewhat vague as to the virulence, frequency of the outbreaks, and the size of the lesions. The appellant clearly feels they are grossly disfiguring, so much so that he avers refusing to leave his house during the periodic outbreaks. There is, however, no evidence apart from his statement, which may or may not be self-serving, to support his claim. Moreover, to the extent he describes the lesion or lesions and the frequency of their occurrence he hardly does so in a specific enough way that a rating could be based on his description. In short, what is needed, in the words of the Secretary's regulations, is "accurate and fully descriptive medical examinations ... with emphasis upon the limitation of activity imposed by the disabling condition" "upon the person's ordinary activity." *See* 38 C.F.R. §§ 4.1, 4.10 (1991). This obviously must be done when the infection is in its active stage. We note from the file that appellant is reluctant to be seen during these periods. That is understandable, but if he truly desires a fair rating he can hardly refuse to undergo the examination

or examinations that will make that possible. These examinations in assessing the degree of disfigurement should also consider the, apparently, unrelated acne and whether it contributes to the overall disfigurement. Also, since "the limitation of activity imposed by the ... condition" is necessarily dependent upon the frequency and duration of the outbreaks, a complete rating would require the addressing of that question by medical experts. Finally, the Board should attempt to locate the 1986 photographs which appellant alleges were taken of his condition—not because they are pertinent to the severity of his current condition but so that the examiner will have access to the full "history" of the disability. 38 C.F.R. § 4.1.

## II.

■ The appellant raised two issues below that were not considered by the BVA. We will dispose of these issues summarily. The first is a claim of a mental condition that he now alleges is a residual of his herpes infection. No medical evidence has been advanced to support either the existence of a ratable mental condition or service connection thereof. His own lay opinion that he has a ratable psychiatric condition and that it is a residual of herpes is certainly not sufficient. *Espiritu v. Derwinski*, 2 Vet.App. 492 (1992). This portion of the claim is not well grounded. He also made a claim for increased compensation based on unemployability, a claim that the Regional Office denied and the BVA did not consider. Since this case is being remanded for further development of the facts concerning the herpes disability, the BVA should also take cognizance of the unemployability claim and resolve it, one way or the other.

## III.

We remand this case to the BVA for action in accordance with this opinion.