Gabriel J. BEGIN, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–804.

United States Court of Veterans Appeals.

Argued April 22, 1992.

Decided Sept. 22, 1992.

Jill Singer (law student in supervised clinical law program), with whom Susan Bennett, Washington, D.C., was on the brief, for appellant.

Angela Foehl, with whom James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, Washington, D.C., were on the pleadings for appellee.

Before KRAMER, HOLDAWAY and IVERS, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Gabriel J. Begin, who served in the United States Army from 1968–1970, appeals a decision of the Board of Veterans' Appeals (Board or BVA) which denied him a total disability rating based on unemployability and entitlement to a further increase in his rating for post-traumatic stress disorder (PTSD). He had been raised from a 30% rating to a 50% rating by the Regional Office for his PTSD. His appeal to the BVA asked for a 70% rating. The Court holds that the facts in the record have been inadequately developed. There is, therefore, an insufficient basis for this Court to either affirm or reverse the factual findings below. The case will have to be remanded.

## ANALYSIS

### *Entitlement to an increased rating for PTSD.*

The BVA determined that the degree of appellant's PTSD more closely reflected considerable impairment of industrial and social adaptability (50%) than it did severe impairment (70%). In a generally excellent and thorough decision, the Board alluded to the extensive clinical record and stated in a summation of these records that "the veteran continues to have ongoing symptomatology related to post-traumatic stress disorder *as well as a chronic struggle with self worth.* While he has exacerbations on occasion which require hospitalization, at other times he exhibits the capacity for verbal interaction.... In essence, not more than considerable social and industrial impairment *from post-traumatic stress*

**258**

*disorder is shown....*" (Emphasis supplied.) The record supports this summation. There is evidence that, selectively considered, would support the Board in its factual finding of considerable impairment. On the other hand, there is evidence, most notably from Dr. Kofoed, the VA psychiatrist who was treating the appellant, that appellant was severely impaired. Of course, Dr. Kofoed's classification is not dispositive, but must, as it was in this case, be considered. *See* 38 C.F.R. § 4.130 (1991). The problem with all the clinical evidence, including that of Dr. Kofoed, is that the effects of the PTSD on the appellant's social and industrial adaptability have not been clearly differentiated from other possible, non-service connected, effects. The BVA alluded to one of these in noting the possible effects of the appellant's lack of self-esteem. Also, Dr. Kofoed diagnosed a depression which may or may not be connected to the PTSD; in any event, the record as it now stands certainly does not show the depression to be a residual, in whole or in part, of the rated disability. Dr. Kofoed also alluded to the self-worth problem. It is, therefore, impossible to tell whether Dr. Kofoed's classification of severe is based solely on the PTSD or includes these other, apparently non-service-connected factors. Apart from Dr. Kofoed's clinical statements, all the other clinical evidence similarly merges the PTSD with other problems the appellant has, including an alcohol abuse problem which may or may not be under control. The evidence is equivocal as to that. All of these factors might well be significant in determining the critical issue, the social and industrial impairment of the appellant. The rating can only be based on the degree of impairment due to the service-connected condition. To that end, 38 C.F.R. § 4.1 (1991) requires "accurate and fully descriptive medical examinations ... with emphasis upon the limitation of activity imposed *by the disabling condition.*" (Emphasis supplied.) We do not have such medical evidence in this case. In a similar case, *Bowers v. Derwinski*, 2 Vet.App. 675 (1992), where the facts had been inadequately developed, we remanded for further development of the facts. We will do the same in this case.

The appellant's claim for total disability because of individual unemployment is inextricably intertwined with the degree of impairment that is ultimately adjudicated. *See* 38 C.F.R. § 4.16 (1991). Accordingly, upon readjudication the Board will address this issue as well. The case is REVERSED and REMANDED for action consistent with this opinion.