Gerald F. BABCHAK, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary
of Veterans Affairs, Appellee.

No. 91–1376.

United States Court of Veterans Appeals.

Nov. 16, 1992.

Kathleen M. McDonald, was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Peter M. Donawick, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Gerald F. Babchak, who served in the United States Marine Corps from 1966–1969, appeals a decision of the Board of Veterans' Appeals (Board or BVA) which denied him a total disability rating based on unemployability and entitlement to a further increase in his rating for post-traumatic stress disorder (PTSD). The Regional Office raised his rating from 10% to 50% for his PTSD. His appeal to the BVA asked for a 70% rating. The Court holds that the facts in the record have been inadequately developed. There is, therefore, an insufficient basis for this Court to either affirm or reverse the factual findings below. The case will be remanded.

The BVA determined that the degree of appellant's PTSD more closely reflected considerable impairment of industrial and social adaptability (50%) than it did severe impairment (70%). The Board based its determination on an examination conducted at a Department of Veterans Affairs (formerly the Veterans' Administration) (VA) facility in May 1989. *Gerald F. Babchak,* BVA 90–53700, at 6 (Apr. 15, 1991). The results of this examination indicate that the veteran is oriented to reality and has adequate judgment and insight. On the other hand, there is evidence from Dr. Anderson, a private psychologist who was treating appellant on a weekly basis, that appellant cannot interact with other people at work and is "grossly impaired."

The problem with the findings of both the VA and Dr. Anderson is that neither examination placed an "emphasis upon the limitation of activity imposed by the disabling condition." 38 C.F.R. § 4.1 (1991). The VA examination does not consider whether appellant's PTSD has limited his employability. Dr. Anderson, on the other hand, has not considered whether appellant might pursue a less stressful job. His clinical notes are geared almost entirely to appellant's apparent inability to perform the employment he had with his county government, which included stressful confrontations with those suspected of violat-

ing county health regulations. This falls short of establishing that appellant's PTSD prevents him from functioning under ordinary employment conditions. 38 C.F.R. § 4.10 (1991). In a similar case, *Bowers v. Derwinski*, 2 Vet.App. 675 (1992), where the facts had been inadequately developed, we remanded for further development of the facts. We will do the same in this case.

Appellant's claim for total disability because of individual unemployment is inextricably intertwined with the degree of impairment that is ultimately adjudicated. *See* 38 C.F.R. § 4.16 (1991). Accordingly, upon readjudication the Board will address this issue as well. The decision of the Board is VACATED and the matter is REMANDED for action consistent with this opinion.