William K. JOHNSON, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–1619.

United States Court of Veterans Appeals.

April 9, 1993.

**510**

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, Vietnam veteran William K. Johnson, appeals from a May 23, 1991, Board of Veterans' Appeals (BVA or Board) decision denying an increased rating for his service-connected post-traumatic stress disorder (PTSD), currently rated as 30% disabling. *William K. Johnson,* BVA 91–____ (May 23, 1991). The Secretary of Veterans Affairs (Secretary) has moved for partial summary remand for the Board to adjudicate the veteran's claim of "clear and unmistakable error" (CUE) in a prior RO adjudication, and for partial summary affirmance of the Board's decision insofar as it denied an increase in the veteran's current 30% PTSD rating. Additionally, the Secretary has filed a motion for leave to file a brief in the event that the Court denies the motion for partial summary remand and partial summary affirmance. The appellant has opposed the Secretary's motions and requests the Court to reverse the BVA decision and reinstate the 50% PTSD rating previously held by the veteran. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). The Court will grant the Secretary's motion for partial summary remand, deny his motions for partial summary affirmance and for leave to file a brief, vacate the May 1991 BVA decision, and remand the matter to the Board for readjudication.

## I. BACKGROUND

In December 1985, a Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) awarded the veteran service connection for PTSD and assigned a 50% disability rating. R. at 69–71. Under VA rating criteria then in effect, a 50% rating was to be assigned for PTSD producing *"severe* industrial impairment". 38 C.F.R. § 4.132, Diagnostic Code (DC) 9411 (1985) (emphasis added). Under those same rating criteria, a 30% rating was to be assigned for PTSD producing *"considerable* industrial impairment". *Ibid.* (emphasis added).

In February 1988, the Secretary amended the rating criteria under DC 9411 to provide that a 50% rating would be assigned for PTSD producing *"considerable* industrial impairment" and a 30% rating would be assigned for PTSD producing *"definite* industrial impairment". 38 C.F.R. § 4.132, DC 9411 (1989) (emphasis added); *see Sabol v. Derwinski,* 2 Vet.App. 228, 229 (1992); *Fletcher v. Derwinski,* 1 Vet.App. 394, 396 (1991). In June 1988, the RO issued a rating decision proposing to reduce the veteran's PTSD rating from 50% to 30% under 38 C.F.R. § 3.105(e) (1987). R. at 74. In that proposal, the RO stated: "Current symptomatology does not appear to support the current evaluation based on *severe* industrial impairment. It is proposed to reduce evaluation to reflect *considerable* industrial impairment". *Ibid.* (emphasis added). In a September 1988 decision, the RO put the proposed reduction into effect and reduced the veteran's PTSD rating to 30%, although the regulations then in effect provided for a 50% rating for "considerable" industrial impairment. R. at 83.

In a November 1989 statement submitted to the BVA, the veteran's representative asserted explicitly that the RO had committed "clear and unmistakable error" in 1988 by reducing the veteran's rating to 30% when the Board still found that his PTSD then produced "considerable industrial im-

pairment". R. at 111–12. The veteran's representative asserted that, under DC 9411 as amended in February 1988 and in effect at the time of the June 1988 proposed reduction and the September 1988 reduction, a finding of "considerable industrial impairment" required a 50% rating rather than the 30% rating which the RO had assigned under superseded regulatory criteria. *Ibid.* The veteran's representative explicitly requested that the Board correct the "clear and unmistakable error" as required by 38 C.F.R. § 3.105(a) (1988). R. at 112.

In a February 21, 1990, decision, the Board denied the veteran's claim for a PTSD rating higher than 30%. R. at 114–18. The Board did not address his CUE claim as to the 1988 RO decisions reducing his rating from 50% to 30%. In a May 1990 letter to the RO, the veteran's representative again asserted that the June 1988 RO decision contained CUE. R. at 120. In June 1990, the RO denied the CUE claim. R. at 122. The RO also denied the veteran's claim for an increase in his 30% PTSD rating on the basis of evidence of his then-current condition. R. at 123. The veteran appealed those decisions to the Board, and repeatedly asserted to the RO and the Board that there was CUE in the June and September 1988 RO decisions that required revision of those decisions under 38 C.F.R. § 3.105(a) and reinstatement of the 50% rating. R. at 125, 146, 161, 167.

In the May 1991 decision currently here on appeal, the BVA denied the claim for an increased PTSD rating but, again, inexplicably did not address the CUE claim for revision of the 1988 RO decisions.

## II.  ANALYSIS

### A.  CUE Claim

■ Pursuant to 38 C.F.R. § 3.105(a) (1992), the Board must revise previous RO or BVA decisions which were based on "clear and unmistakable error". *See Russell v. Principi,* 3 Vet.App. 310, 313–14 (1992) (en banc). This Court has jurisdiction to review, upon a proper and timely appeal, a BVA decision that a prior final RO or BVA decision did not contain CUE

within the meaning of § 3.105(a). *See* 38 U.S.C.A. §§ 7252, 7266(a) (West 1991); *Russell,* 3 Vet.App. at 314–15. However, the Court may not review such a claim in the first instance; the issue must have been raised to and decided by the BVA. *See Russell,* 3 Vet.App. at 315. Therefore, where, as here, the Board has failed to adjudicate a properly raised claim of CUE in a prior final BVA or RO decision, remand is required for the Board to adjudicate that claim in the first instance. *See Chisem v. Brown,* 4 Vet.App. 169, 176 (1993); *Mata v. Principi,* 3 Vet.App. 558, 559 (1992) (per curiam order).

■ "Clear and unmistakable error" requiring revision of a prior final RO decision exists only where it appears "undebatably" that "[e]ither the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions extant at the time were incorrectly applied." *Russell,* 3 Vet. App. at 313. In the present case, the veteran asserted to the Board that the RO had erroneously applied superseded regulatory criteria to reduce his PTSD rating to a 30% disability rating based on a finding of "considerable" industrial impairment and that proper application of the then-current regulations established entitlement to a continued 50% rating in 1988. That assertion finds support in precedent opinions of this Court concerning the effect of the February 1988 changes in the rating criteria in DCs 9400–9411 for evaluating psychoneurotic disorders. *See Sabol,* 2 Vet.App. at 230 (after February 1988, RO and BVA required to apply the new rating criteria to the facts as they were then found); *Fletcher,* 1 Vet.App. at 397 ("all things being equal, if the evidence remain[s] unchanged ... the clear intent of the 1988 change to the diagnostic code was that there be an upward revision [in disability ratings assigned under those regulatory provisions]"). The Court holds, therefore, that the veteran reasonably raised to the Board a claim for revision, on the basis of CUE, of the 1988 RO decisions reducing his rating to 30%. Because the Board failed, for the second time, to adjudicate that claim,

the Court will remand the matter for the Board to adjudicate it expeditiously.

### B. Rating Increase Claim

■ Although conceding that remand is warranted for adjudication of the CUE claim, the Secretary asserts that the Court should affirm the Board's denial, on the basis of the veteran's current symptomatology, of an increase in his current 30% rating. However, for the reasons explained below, the Court holds that the increased-rating claim based on current symptomatology is inextricably intertwined with the CUE claim to the extent that the former involves a claim for an increase to a 50% rating and that, therefore, the former claim must be remanded for adjudication with the latter. See Babchak v. Principi, 3 Vet. App. 466, 467 (1992); Begin v. Derwinski, 3 Vet.App. 257, 258 (1992).

If the Board finds CUE in the June and September 1988 RO decisions, then it is required by 38 C.F.R. § 3.105(a) to revise them to reflect that the veteran's 50% PTSD rating remained in effect in 1988 and was not then reduced to 30%. See Russell, 3 Vet.App. at 313 (section 3.105(a) does not provide for "reopening"; rather, it requires the prior decision to be revised to conform to facts existing at time of that decision); see also Dofflemeyer v. Derwinski, 2 Vet. App. 277, 281 (1992) (rating reduction not made in accordance with law and regulation is void ab initio); Schafrath v. Derwinski, 1 Vet.App. 589, 595–96 (1991) (same). Consequently, if such a CUE revision were made, any subsequent RO or BVA decision assigning a 30% rating would constitute a de facto reduction of the veteran's 50% PTSD rating. See Bentley v. Derwinski, 1 Vet.App. 28, 31 (1990). However, VA regulations establish specific criteria that must be met before a rating may be reduced. See 38 C.F.R. §§ 3.344(a) (ratings for psychoneurotic disorders may not be reduced on basis of a single examination unless it clearly shows "sustained improvement"; ratings may not be reduced on basis of examination "less full and complete" than examination on which payment was authorized; it must be reasonably certain that improvement will be maintained under "or-

dinary conditions of life") 3.103(b)(2) (compensation shall not be reduced unless beneficiary has been notified of such action and given period of 60 days to submit evidence to show that the reduction should not be made) (1992); Dofflemeyer, supra; Schafrath, 1 Vet.App. at 594–95.

A rating reduction that fails to adhere to those regulatory provisions will be void ab initio. See Dofflemeyer, supra; Schafrath, 1 Vet.App. at 595–96. Therefore, if the Board finds CUE in the June and September 1988 RO decisions reducing the veteran's PTSD rating to 30%, it would follow that the veteran's current rating must be at least 50% unless an intervening final RO or BVA decision had clearly and properly applied §§ 3.344(a) and 3.103(b)(2) in reducing the veteran's PTSD rating to 30%. Hence, because the issue of the veteran's current disability rating is, to a considerable extent, inextricably intertwined with his CUE claim, the claims must be remanded together. In adjudicating the increased-rating claim on remand, however, the Board will be required to consider and discuss the applicability not only of the criteria for a 50% PTSD rating, but also of the criteria for a 70% and 100% PTSD rating. See Shoemaker v. Derwinski, 3 Vet.App. 248, 253 (1992) (where veteran requested increase in 30% disability rating, board was required to discuss criteria for 50%, 70%, and 100% ratings).

### C. Secretary's Motion to File a Brief

■ The Secretary has moved for leave to file a brief in the event that his motion for partial summary remand and partial summary affirmance is denied. His brief in this case was originally due April 13, 1992. On April 14, 1992, the Secretary filed an out-of-time motion for an extension of time until May 14, 1992, to file a response to the appellant's brief. The Court granted the motion. On May 14, 1992, he filed a motion for an extension of time until June 13, 1992, to file his response and the Court again granted the motion. On June 15, 1992, he filed an out-of-time motion for another extension until July 15, 1992, to file his response. The appellant opposed

that motion, and the Court denied it; the Court stated, however, that it would accept the Secretary's brief out of time if it was filed by July 6, 1992. On July 6, 1992, instead of filing a brief, the Secretary filed his motion for partial summary affirmance and partial summary remand and for leave to file a brief. The Secretary has had ample time (nearly four months) to prepare a brief adequately responding to the appellant's arguments, and this Court will not encourage piecemeal litigation which allows the Secretary two bites at the apple in an appeal here. *See Fugere v. Derwinski,* 1 Vet.App. 103, 105 (1990), *aff'd,* 972 F.2d 331 (Fed.Cir.1992). That is particularly so where, as here, counsel for the Secretary has already occasioned numerous delays in the proceedings before the Court in this appeal, and has displayed, at best, indifference to the Court's filing rules. *See MacWhorter v. Derwinski,* 2 Vet.App. 133, 134–36 (1992); *Dupell v. Derwinski,* 2 Vet. App. 385 (1992) (single-judge order). Therefore, the motion for leave to file a brief will be denied.

### III. CONCLUSION

Upon consideration of the record and the pleadings of the parties, the Court grants the Secretary's motion for partial summary remand, denies his motion for partial summary affirmance, summarily vacates the May 23, 1991, BVA decision, and remands the matter to the Board for prompt further adjudication consistent with this opinion on the basis of all evidence of record and applicable law and regulation. *See* 38 U.S.C.A. § 7104(a) (West 1991); *Fletcher,* 1 Vet.App. at 397. "On remand, the appellant will be free to submit additional evidence and argument" on the rating-increase claim and additional argument on the CUE claim. *Quarles v. Derwinski,* 3 Vet.App. 129, 141 (1992). The Court denies the Secretary's motion for leave to file a brief. Because of the Board's having twice failed to adjudicate the veteran's CUE claim explicitly raised to it and the dilatory and unresponsive conduct of counsel for the Secretary, the Board is ordered to issue a decision on remand, not later than 90 days after the date of this decision, adjudi-

cating the CUE claim and the rating-increase claim as to entitlement to a rating of 50%. On remand, the Board further must promptly adjudicate the claim for entitlement to a PTSD rating in excess of 50%. The Court retains jurisdiction. The Secretary shall file with the Clerk (as well as serve upon appellant) a copy of any Board decision on remand. Within 14 days after the filing of any such final decision, appellant shall notify the Clerk whether he desires to seek further review by the Court.

VACATED AND REMANDED.