**Alfredo G. PEFIANCO, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–1137.**

United States Court of Veterans Appeals.

June 15, 1993.

As Amended June 16, 1993.

Alfredo G. Pefianco, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Leonard J. Selfon, were on the pleadings, for appellee.

Before FARLEY, MANKIN and STEINBERG, Associate Judges.

MANKIN, Associate Judge:

Appellant appeals a February 15, 1991, decision of the Board of Veterans' Appeals (Board or BVA) which denied service connection for a right scapular disorder and for residuals of shell fragment wounds of the right leg and the left side of the head. The Secretary of Veterans Affairs has submitted a motion for summary affirmance. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991).

## I. BACKGROUND

An unidentified military report from 1954 indicates that appellant had recognized guerilla service from September 1942 to May 1943 and from October 1944 to May 1945. R. at 4. On May 11, 1943, during an intelligence gathering operation, appellant was captured by Japanese troops and was taken prisoner. R. at 8, 11. Appellant claims that during his imprisonment he was hung from a tree while being manhandled and beaten with a rifle and pieces of wood. He stated that as a result of the torture, he suffered various wounds to his head, torso, and legs, and that his left elbow and both of his shoulders were dislocated. R. at 23–24, 27.

A report of an in-service physical examination conducted in September 1948 reveals no physical defects. R. at 19. Apparently, on January 20, 1989, appellant was treated

by a private physician for "complaints of pain at the right scapular area of long duration." The diagnosis was "winging, scapular area, right with loose elbow joint, left secondary to trauma." S.R. at 3. In March 1990, appellant reported for a Department of Veterans Affairs (VA) examination, claiming to suffer from numerous disorders, including "Rt. scapular disorder with loose elbow joint"; "SW, rt leg"; and "SW, left side of head." R. at 22. Upon examination, the bones of the veteran's right shoulder and scapula were found to be of normal texture and alignment and the joint spaces were well maintained. No abnormal soft tissue or calcific densities were observed. R. at 31. The examiner noted the presence of a scar which measured one centimeter on the right side of the head. R. at 33. Clicking sounds in the left elbow and the scapular were noted. R. at 35. A medical summary, prepared in May 1990, stated that there was "no evidence of [right] scapular disorder, shrapnel wounds in Rt leg, Left side of Head." R. at 43. Also of record is the incomplete remark, "He denies shrapnel wounds to the right leg and left side of[.]" R. at 45.

In an August 6, 1990, decision, a rating board denied appellant's claims for service connection for a variety of disabilities, including claims for a right scapular disorder and residuals of shrapnel wounds of the right leg and left side of the head. R. at 56. The rating board noted in its decision that "the veteran's verified POW [prisoner of war] status is less than 30 days," and, therefore, "the presumptive provisions of PLs 97–37 and 100–322 are not applicable in his case." The veteran immediately filed a Notice of Disagreement with regard to the denial of service connection for a right scapular disorder and for residuals of shrapnel wounds. R. at 59. Appellant subsequently filed a Form 1–9 appeal to the BVA in which he stated that he had been incarcerated by the Japanese Government for more than a year, and noted "Wounds: Left Leg and on Right Forehead." R. at 67.

## II. ANALYSIS

■ A determination regarding service connection is a finding of fact that the Court must affirm unless that determination is found to be "clearly erroneous." 38 U.S.C.A. § 7261(a)(4) (West 1991); *see Lovelace v. Derwinski*, 1 Vet.App. 73 (1990); *Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53 (1990). In determining whether a finding is clearly erroneous, "this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert*, 1 Vet.App. at 53. In its decision, the BVA found no evidence in the record of residuals of shell fragment wounds of appellant's right leg and left side of the head. We hold that there is a plausible basis for the BVA's denial of service connection for these claims. In addition, the Court is also satisfied that the BVA decision, with regard to these claims, meets the "reasons or bases" requirements of 38 U.S.C.A. § 7104(d)(1) (West 1991) and the benefit of the doubt doctrine of 38 U.S.C.A. § 5107(b) (West 1991).

■ In its decision, the Board failed to address appellant's claim that his diagnosed right scapular injury resulted from his POW experience when he was hung from a tree with his hands tied behind his back. R. at 23. A "decision of the Board shall include ... a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all issues of fact and law presented on the record." 38 U.S.C.A. § 7104(d)(1). *See Gilbert*, 1 Vet.App. at 56–57. This means that decisions of the Board must contain "an analysis of the credibility or probative value of the evidence submitted by and on behalf of the veteran in support of his claim [or a statement of the reasons or bases for the implicit rejection of this evidence by the Board." *Gilbert*, 1 Vet.App. at 59. *See also Hatlestad v. Derwinski*, 1 Vet.App 164, 169–70 (1991); *Pritchett v. Derwinski*, 2 Vet.App. 116 (1992) (BVA required to address and evaluate credibility of appellant's statements regarding onset of disability).

The Court holds that the Board failed to supply "reasons or bases" for its conclusion that "disability of the right scapula was not incurred in or aggravated by active service." *Alfredo G. Pefianco,* BVA 90–54324, at 3 (Feb. 15, 1991). Consequently, the BVA's decision is inadequate to enable appellant to understand the basis for the Board's decision, as well as to facilitate review in this Court. *See* 38 U.S.C.A. § 7104(d)(1); *Simon v. Derwinski,* 2 Vet. App. 621, 622 (1992); *Masors v. Derwinski,* 2 Vet.App. 181, 188 (1992); *Gilbert,* 1 Vet. App. at 57. Therefore, remand is necessary in order for the BVA to comply with the requirement of 38 U.S.C.A. § 7104(d)(1) and for the Board to explain its conclusion that the veteran is not entitled to the benefit of the doubt under 38 U.S.C.A. § 5107(b) (West 1991).

The veteran also claims, for the first time, in his informal brief that the Board erred by not considering his entitlement to service connection for pulmonary emphysema and "other ailments." Br. at 1. This Court's jurisdiction is confined to the review of final BVA decisions. 38 U.S.C.A. §§ 7252(a), 7266(a) (West 1991). In its February 1991 decision, the Board did not decide the issue of service connection for any additional disabilities; nor did appellant raise these claims in his substantive appeal to the Board. Therefore, the Court declines to review the issues of service connection for the additional disabilities mentioned in appellant's informal brief. *See Branham v. Derwinski,* 1 Vet.App. 93, 94 (1990).

Finally, appellant disputes the BVA's statement that he was a POW for only thirteen days. Indeed, there is evidence in the record which indicates that appellant was in POW status from May 11, 1943, to May 24, 1943. R. at 4. However, we need not rule on this issue because appellant does not claim to have incurred any of the diseases for which service connection will be presumed for former POWs under 38 U.S.C.A. § 1112(b) (West 1991). If the Board is required to decide this issue in the future, such a decision, unlike the one presently before the Court, must be accompanied by a statement of reasons or bases. Because the BVA's decision was devoid of reasons or bases on this issue, it does not constitute a binding determination on this question in any future adjudication.

## III. CONCLUSION

For the reasons stated above, the Court AFFIRMS the BVA's February 15, 1991, decision, only insofar as it denies service connection for residuals of shell fragment wounds of the right leg and the left side of the head. The Court VACATES the BVA's decision denying service connection for a right scapular disorder and REMANDS the matter for further adjudication consistent with this opinion.