**Martin G. BLOCK, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–0633.

United States Court of Veterans Appeals.

Argued July 22, 1994.

Decided Dec. 23, 1994.

As Amended Jan. 18 and March 10, 1995.

E. Preston Rutledge, Washington, DC, for appellant.

Vito A. Clementi, with whom Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, and Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, Washington, DC, were on the brief, for appellee.

Before KRAMER, HOLDAWAY, and STEINBERG, Judges.

STEINBERG, Judge:

The appellant, veteran Martin A. Block, appeals a December 3, 1991, Board of Veterans' Appeals (BVA or Board) decision denying entitlement to a permanent and total disability rating for non-service-connected pension due to, inter alia, lumbosacral strain. Record (R.) at 4–8. The appellant has filed a brief contending that the BVA decision was clearly erroneous and should be reversed. The appellant argues in the alternative that the BVA decision should be vacated and the matter remanded. The Secretary has filed a brief contending that the Board decision should be vacated and the matter remanded.

Oral argument was held on July 22, 1994. On August 2, 1994, the Court ordered the parties to hold a conference with the Court's Central Legal Staff in order to attempt to develop a joint motion for remand. A conference was conducted on September 15, 1994. On September 20, 1994, the Court ordered the proceedings stayed for 30 days thereafter, or until a joint motion for remand was filed. On October 25, 1994, the appellant filed a motion for reversal of the Board decision, or, in the alternative, for remand with retention of jurisdiction and establishment of a timetable for postremand adjudication; the appellant asserts that the parties have been unable to agree on the terms of a joint

motion for remand. Motion (Mot.) at 1. On November 21, 1994, the Secretary filed a response to the appellant's motion, again urging remand. Response at 2. For the reasons that follow, the Court will vacate the Board decision and remand the matter.

## I. Background

The veteran served in the U.S. Army from June 1956 to October 1975. R. at 4. His entrance medical examination showed no pertinent abnormalities. R. at 35. A September 1974 service medical record (SMR) indicated bilateral high frequency hearing loss. R. at 21. His October 7, 1975, separation examination noted a "moderate" high frequency hearing loss in the left ear. R. at 15. An October 24, 1975, hearing evaluation in preparation for separation from service also noted bilateral high frequency hearing loss, "probably noise induced". R. at 71.

In October 1987, the veteran apparently injured his back in a fall at work. *See* R. at 131. In February 1989, he filed with a Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) an application for compensation or pension, asserting that he had injured his back in October 1987 and had not been employed since the injury. R. at 134–37. An April 1989 VA x-ray examination report indicated "mild degenerative changes consistent with age". R. at 146. In May 1989, a VA medical examination report diagnosed chronic low back pain and tension headaches. R. at 145. In September 1989, the VARO determined that the veteran's lumbosacral strain and tension headaches were not service connected and rated these non-service-connected disabilities 20% and 10% disabling, respectively, for a combined rating of 30% disabling, and denied entitlement to VA non-service-connected pension. R. at 150, 179.

In March 1990, the veteran sought an increased rating for his disabilities. R. at 154. A March 1990 VA examination report indicated "L4–5/S1 radiculopathy and tension headaches", and an x-ray report indicated "minimal osteophytic changes". R. at 160–61. In April 1990, the Social Security Administration (SSA) determined that the veteran was entitled to SSA disability benefits, effective October 1987. R. at 174. The veteran also submitted to the RO various medical reports from private physicians (including a January 1988 computerized axial tomography (CAT) scan and a February 1988 examination), and a statement from a vocational rehabilitation counselor. R. at 117, 120–21, 125–26, 128, 131–32, 152–53, 162–64. In May 1990, the RO again denied entitlement to non-service-connected pension, and in July confirmed that rating. R. at 175.

The veteran appealed to the BVA, and in the December 3, 1991, decision here on appeal, the Board denied entitlement to pension, finding that "while the veteran may be precluded from performing certain types of work involving strenuous physical activity, the reported clinical findings do not demonstrate that his disabilities are so incapacitating as to prevent him from engaging in all forms of substantially gainful employment consistent with his age, education, and occupational experience." R. at 8. A timely appeal to this Court followed.

## II. Analysis

The appellant argues that his back condition should have been rated under Diagnostic Code (DC) 5293 (intervertebral disc syndrome), with a maximum rating of 60%, which would entitle him to an award of pension under the schedular rating in 38 C.F.R. § 4.17 (1993). Brief (Br.) at 21–23. In the alternative, he argues that he is permanently unemployable by reason of his disability, and thus qualifies for pension based on the extra-schedular criteria of 38 C.F.R. § 3.321(b)(2) (1993). Br. at 12–16.

The appellant urges reversal of the BVA decision with instructions to award entitlement to pension on the ground that all the evidence of record demonstrated that he was unable to pursue gainful employment. Mot. at 2; Br. at 12–16. In the alternative, he urges remand of the matter due to failure of the BVA to assist the veteran in developing the record, to apply the benefit-of-the-doubt rule, or to provide an adequate statement of reasons or bases for its decision. Br. at 17–23. The appellant also argues that the BVA failed to adjudicate the veteran's implied claim of service connection for hearing loss. Br. at 24–25. If remand is ordered instead

of reversal, the appellant urges the Court to retain jurisdiction and establish a timetable for readjudication by VA. Mot. at 6–7. The appellant argues for a timetable on remand on the ground that the appellant "waited nearly three years after filing his claim before receiving a decision by the Board the first time", and that claimants generally experience "significant delays" on remand to the BVA. Mot. at 6.

The Secretary argues that remand is necessary because VA failed to assist the veteran adequately and the BVA did not provide an adequate statement of reasons or bases. Br. at 8–14. The Secretary argues against the establishment of a timetable by the Court for postremand adjudication, because, he asserts, that would violate 38 U.S.C. § 7107. Response at 3.

### A. Reversal

The parties disagree on whether reversal is indicated. In order for this Court to reverse a BVA decision on a finding of fact, we must find that the BVA decision was clearly erroneous. See Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990) ("if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, we cannot overturn them"). Despite valiant efforts by the appellant's counsel to convince the Court otherwise, we conclude that the record is not sufficiently developed to support reversal at this time.

■ A veteran who has served for 90 days or more during a period of war is entitled to VA non-service-connected pension if he or she is permanently and totally disabled from non-service-connected disability. 38 U.S.C. § 1521(a), (j). A veteran is permanently and totally disabled if he or she suffers from a disability which would render it impossible for the average person to follow a substantially gainful occupation, and it is reasonably certain that such disability will continue throughout the life of the veteran. 38 U.S.C. § 1502(a). VA regulations describe the requirements for permanent, total disability. 38 C.F.R. § 3.340(b) (1993). Additional rating criteria for permanent and total

disability ratings for pension purposes appear in 38 C.F.R. § 3.342 (1993).

■ A veteran is eligible to be rated permanently and totally disabled for pension purposes under schedular criteria which require, at a minimum, permanent disabilities with a rating of at least 60% for a single disability, or at least 70% for combined disabilities. 38 C.F.R. § 4.17. A veteran who does not meet the schedular criteria for permanent and total disability under § 4.17 may nevertheless be awarded pension if he or she meets extra-schedular rating standards of unemployability "by reason of his or her disability(ies), age, occupational background and other related factors". 38 C.F.R. § 3.321(b)(2).

■ The appellant's argument for reversal is based upon the BVA's conclusion that he did not meet the criteria of 38 C.F.R. § 3.321(b)(2). Mot. at 2; Br. at 12. However, the record contained some evidence that might provide a plausible basis for the Board's conclusion. For example, the BVA cited a medical report of a February 1988 examination (R. at 128) which stated that the veteran's condition was chronic but could be treated. R. at 6. The BVA also pointed to a January 1988 "essentially normal" CAT scan report (R. at 125), and April 1989 and March 1990 x-ray reports (R. at 146, 161) showing mild degenerative changes in the spine consistent with the veteran's age. R. at 6. Finally, the Board referred to a January 1990 state vocational rehabilitation counselor's report that the veteran was "not ready for any vocational rehabilitation" and could not receive training "until the condition becomes completely stabilized". R. at 153.

Because the Board did not provide an adequate statement of reasons or bases for its determination that these reports indicated that the veteran was not unemployable, the Court does not have sufficient information to reverse the Board decision. See Pefianco v. Brown, 5 Vet.App. 226, 229 (1993) (remand necessary where BVA decision is inadequate for Court review); Mee v. Brown, 4 Vet.App. 220, 222 (1993) (remand required where Board did not address all evidence of record); Shoemaker v. Derwinski, 3 Vet.App. 248, 253 (1992) (remand required where BVA failed to

address all evidence of record); *Gilbert,* 1 Vet.App. at 59 (Board decision must provide Court with adequate basis for judicial review); *see also Talley v. Brown,* 6 Vet.App. 72, 74 (1993) (remand necessary where record on appeal "lacks potentially relevant, specific, and pertinent evidence which could reveal information essential to the determination" of the claim).

▮ The appellant cites *Brown v. Brown,* 4 Vet.App. 307 (1993), for the proposition that where no evidence of employability exists in the record, reversal, not remand, is the proper remedy. However, the regulation at issue in *Brown* was 38 C.F.R. § 4.16 (1993), which concerns individual unemployability due to a service-connected condition or conditions. The requirements for entitlement under 38 C.F.R. § 4.16 do not include a finding that the veteran be permanently disabled, as do the requirements for entitlement to non-service-connected pension. Thus, *Brown* is inapposite. Entitlement to pension may be denied even where there is no evidence of current employability, if there is also no evidence that the veteran's condition is permanent. Similarly distinguishable is *Beaty v. Brown,* 6 Vet.App. 532, 538–39 (1994), where, because there was nothing in the record to support the Board's conclusion that the appellant was employable, the Court reversed and remanded with directions to "assign a TDIU rating" for service-connected conditions. The Court is not prepared to hold, based on the current state of the evidence of record and the Board's statement of reasons or bases, that no plausible basis exists in the record to conclude that the veteran's back disability and headaches are capable of improvement. The Court therefore holds that remand is the appropriate remedy in this case.

### B. Remand

Both parties assert that VA failed in its duty to assist the veteran and that the December 3, 1991, BVA decision contained inadequate consideration of the evidence and an inadequate statement of reasons or bases for the Board's conclusion. In regard to the duty to assist, the Secretary argues that remand is required for VA to (1) obtain and consider the medical records reviewed by SSA, pursuant to *Murincsak v. Derwinski,* 2 Vet.App. 363, 370 (1992), (2) conduct a thorough and contemporaneous medical examination, including examination by an orthopedist, a neurologist, an ear, nose, and throat specialist, and an audiologist, and (3) consider the applicability of additional regulations, including diagnostic code and extra-schedular provisions. Br. at 13–14. The Court agrees. Also, on remand the BVA must explain its consideration of the benefit-of-the-doubt rule under 38 U.S.C. § 5107(b), *see Williams (Willie) v. Brown,* 4 Vet.App. 270, 272–74 (1993), and the applicability of 38 C.F.R. § 3.321(b)(2), *see Talley v. Derwinski,* 2 Vet. App. 282, 288 (1992).

The appellant urges that, if the Court remands the matter to the BVA, the Court should retain general jurisdiction and establish a timetable for postremand adjudication. The Secretary argues against a timetable by pointing out that 38 U.S.C. § 7107 requires that all cases received by the BVA "pursuant to application for review on appeal" will be adjudicated according to their order on the docket, unless the BVA grants a motion "for cause shown" for earlier consideration. Whatever force the Secretary's argument may have had has been removed by the enactment on November 2, 1994, of section 302 of the Veterans' Benefits Improvements Act of 1994 (VBIA). Section 302 provides:

> The Secretary of Veterans Affairs shall take such actions as may be necessary to provide for the expeditious treatment, by the [BVA] and by the regional offices of the Veterans Benefits Administration, of any claim that has been remanded by the [BVA] or by the United States Court of Veterans Appeals for additional development or other appropriate action.

VBIA, Pub.L. No. 103–446, § 302, 108 Stat. 4645, 4658 (1994). According to the pertinent committee report, Congress acted to expedite action on remanded claims so that VA claimants would not be "forced to endure overly long delays in pursuing their claims" where an error had been made in their initial adjudication. *See* H.R.REP. No. 668, 103d Cong., 2d Sess. 15 (1994); 140 Cong.Rec. H11,356 (daily ed. Oct. 7, 1994) (Explanatory

Statement for H.R. 4386, noting that Senate accepted House-passed provision which had originated in section 406 of House-passed H.R. 4088); 140 Cong.Rec. S15,014 (daily ed. Oct. 8, 1994) (same); *see also* VA ADJUDICATION PROCEDURE MANUAL, M21–1, Part IV, paras. 38.02, 38.03 (providing for BVA and ROs to follow flagging procedure to afford "[s]pecial handling ... for all cases remanded by the Court", especially those where Court imposed deadlines). The appellant has made no showing that would cause the Court to conclude that the Secretary will not comply with the newly-enacted statutory command of VBIA § 302.

### III. Conclusion

Upon consideration of the record and the pleadings of the parties, the Court vacates the December 3, 1991, BVA decision and remands the matter for readjudication on the basis of all evidence of record and all applicable law and regulation, and issuance of a readjudicated decision supported by an adequate statement of reasons or bases—all consistent with this opinion and in compliance with section 302 of the VBIA. "On remand, the appellant will be free to submit additional evidence and argument" on the remanded claims. *Quarles v. Derwinski,* 3 Vet.App. 129, 141 (1992). A final decision by the Board following the remand herein ordered will constitute a final decision which, if adverse, may be appealed to this Court only upon the filing of a timely Notice of Appeal.

The Court recognizes the invaluable contribution of the veteran's pro bono counsel. His representation, as well as that of other attorneys representing veterans and other appellants here on a pro bono basis, adds immeasurably to the quality of representation of appellants before this Court and is highly commendable.

VACATED AND REMANDED.