HAGEL, Judge,
concurring in part and dissenting in part:
I concur with the majority’s opinion, save for one issue: the appropriate remedy to be afforded the appellant.
At issue in this case is the appropriate effective date for the disability compensation benefits awarded the appellant following the regional office’s June 2005 determination that his PTSD is service connected. As with all of its determinations, when establishing the appropriate effective date for an award of benefits, the Board must provide a written statement of the reasons or bases for its “findings and conclusions! ] on all material issues of fact and law presented on the record.” 38 U.S.C. § 7104(d)(1). The Board’s ultimate determination of the proper effective date is a finding of fact that the Court reviews under the “clearly erroneous” standard of review. 38 U.S.C. § 7261(a)(4); see Hanson v. Brown, 9 Vet.App. 29, 32 (1996); Gilbert v. Derwinski, 1 Vet.App. 49, 52 (1990). Pursuant to statute, this Court is empowered to “set aside or reverse” any clearly erroneous “finding of material fact adverse to the claimant made in reaching a decision in a case before [VA] with respect to benefits under laws administered by the Secretary.” 38 U.S.C. § 7261(a)(4).
As the majority concludes and I agree, 38 C.F.R. § 3.156(c) was clearly implicated by the facts of this case and the Board should have expressly discussed its provisions in determining the appropriate effective date for the benefits awarded the appellant. Further, I acknowledge that when the Board provides an inadequate statement of the reasons or bases for its decision by failing to discuss an applicable provision of law, the appropriate remedy is generally remand. See, e.g., Tucker v. West, 11 Vet.App. 369, 374 (1998) (“[Wjhere the Board has incorrectly applied the law, failed to provide an adequate statement of reasons or bases for its determinations, or where the record is otherwise inadequate, a remand is the appropriate remedy.”)
The rationale for this rule is essentially two-fold, although these reasons are interrelated. The first rationale involves a matter of practicality — when the Board fails to adequately explain its reasoning, its decision typically will not be sufficiently complete to facilitate judicial review or inform the appellant of the Board’s reasoning, thereby necessitating a remand for the purpose of obtaining a more thorough explanation. See Pefianco v. Brown, 5 Vet.App. 226, 229 (1993) (concluding that the Board’s decision was “inadequate to enable appellant to understand the basis for the Board’s decision, as well as to facilitate review in this Court” and remanding the case for further Board explanation).
*466 The second rationale is premised on the nature of appellate courts, which “are not appropriate fora for initial fact finding.” Hensley v. West, 212 F.3d 1255, 1263 (Fed.Cir.2000). In most instances, when the Board commits a reasons-or-bases error it fails to make factual determinations necessary to the proper adjudication of the veteran’s claim. Accordingly, because, as an appellate court, this Court “is not a trier of fact and is not in a position to make ... factual determination^],” remand for the purpose of factfinding will usually be the appropriate remedy. Zevalkink v. Brown, 102 F.3d 1236, 1244 (Fed.Cir.1996).
In my estimation, the present case presents a unique set of circumstances. As explained in the majority opinion, the Board committed a technical reasons-or-bases error in the decision on appeal by failing to consider § 3.156(c) when establishing an effective date. As noted above, the proper remedy for this type of error would ordinarily be remand; however, in this case, neither rationale for the general rule requiring remand is implicated. Despite the Board’s failure to discuss § 3.156(c), the fact remains that VA made all of the individual, predicate factual findings that are necessary to prove, as a matter of law, that (1) § 3.156(c) applies in this case and (2) by application of that regulation, the appellant is entitled to an earlier effective date. Accordingly, I conclude that the appellant is entitled to an effective date earlier than November 20, 2002, for his service-connected PTSD. Because “reversal is the appropriate remedy when the only permissible view of the evidence is contrary to the Board’s decision,” Gutierrez v. Principi, 19 Vet.App. 1, 10 (2004) (citing Johnson v. Brown, 9 Vet.App. 7, 10 (1996)), I would conclude that the Board’s finding to the contrary was clearly erroneous, reverse that determination, and remand this matter with instructions to assign an earlier effective date in accordance with § 3.156(c)(3). See Harder v. Brown, 5 Vet.App. 183, 189 (1993) (reversing Board finding that appellant’s knee condition was not secondarily service connected because “there [wa]s no plausible basis for [that] decision”).
Section 3.156(c) requires VA to reconsider finally decided claims whenever “VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim.” 38 C.F.R. § 3.156(c)(1). Because, in these situations, the provision mandates reconsideration, rather than reopening, of the previously denied claim, any award of benefits premised on such records will be deemed effective as of “the date entitlement arose or the date VA received the previously denied claim, whichever is later,” unless another provision provides otherwise. 38 C.F.R. § 3.156(c)(3). The regulation also provides a nonexhaustive list of qualifying records, including “[s]ervice records that are related to a claimed in-service event, injury, or disease, regardless of whether such records mention the veteran by name, as long as the other requirements of paragraph (c) of [§ 3.156] are met.” 38 C.F.R. § 3.166(c)(1)(i).
In the present case, the Secretary argues that subsection (c)(1)(i) of § 3.156 was inapposite and the Board was therefore not required to discuss the regulation because the award of benefits was based on the corrected DD-214 form (which was not in existence at the time of the previous denial) and an Internet printout, not service department records related to an in-service event.
First, with regard to the corrected DD-214 form, although, in reaching its decision, the regional office clearly relied on it in part, § 3.156(c) entitles a claimant to an *467 earlier effective date whenever the award of benefits is “made based all or in part on” a newly associated service department record. 38 C.F.R. § 3.156(c)(3) (emphasis added). Accordingly, if the regional office otherwise based its decision on a newly associated service department record, § 3.156(c) was still applicable.
To that end, a review of the regional office’s June 2005 rating decision, in which the appellant was first awarded disability compensation benefits for PTSD, indicates that, as a matter of fact, the regional office found that the Internet printout was a service personnel record. In that rating decision, the evidence the regional office considered was listed in bullet-point fashion, including a “Report of Battles, 2nd Battalion, 22nd infantry, received November 23, 2004.” R. at 70. Under the heading “REASONS FOR DECISION,” the regional office stated that it based its finding that the appellant’s PTSD was service connected on his “service personnel records and report of Presidential Unit Citation!,] which established a credible stressor.” R. at 70. The central record discussed by the regional office was the “Report of Battles,” which indicated “that the 3rd Brigade, 4th Infantry Division and all assigned and attached units to include the 3rd Battalion received the Presidential Unit Citation” and that “all cooks, clerks and other available personnel were moved to the perimeter to block the penetration of the enemy” during a battle. R. at 70.
Thus, although there is little doubt that the document to which the regional office referred was the Internet printout containing the April 1967 “Recommendation for the Presidential Unit Citation” that was submitted by the appellant’s counsel in November 2004, it is apparent that, rather than attempt to obtain the original document, the regional office accepted the Internet printout as an authentic service personnel record or a reliable copy thereof. The regional office’s finding that the Internet printout constituted a service personnel record was a finding of fact favorable to the appellant that the Court may not unsettle on appeal. McClain v. Nicholson, 21 Vet.App. 319, 322 (2007). Accordingly, based on the facts found by the regional office, which were not disturbed by the Board in the decision now on appeal, it cannot be disputed that § 3.156(c) was implicated.
There are, however, two exceptions to the general principles of § 3.156(c). Both are contained in § 3.156(c)(2), which provides that the provisions outlined above do not apply
to records that VA could not have obtained when it decided the claim [ (1) ] because the records did not exist when VA decided the claim, or [ (2) ] because the claimant failed to provide sufficient information for VA to identify and obtain the records from the respective service department, the Joint Services Records Research Center, or from any other official source.
Based on the factual findings made by the Agency decisionmakers, it is again apparent that, as a matter of law, the first exception could have no applicability in the present case because the Report of Battles was in existence at the time the regional office last denied the appellant’s PTSD claim in August 1996. Again, the regional office found that the Internet printout, referred to in its June 2005 rating decision as a “Report of Battles,” was a service personnel record. That document clearly bears the date April 1,1967. R. at 390. It is therefore evident that it was in existence at all times relevant to this appeal.
This Court recently examined the second exception contained in § 3.156(c)(2) in Mayhue v. Shinseki, 24 Vet.App. 273 *468 (2011). Mayhue involved a veteran whose claim for post-traumatic stress disorder had initially been denied because the claimed stressors were not verifiable with the information he provided. 24 Vet.App. at 275. Years after this decision became final, his claim was reopened and granted on the basis of service department records located by the U.S. Armed Services Center for Research of Unit Records indicating that, during the period the veteran served in Viet Nam, his unit had been stationed at a base that came under enemy attack. Id. at 275-76. Although this stressor was not previously claimed by the veteran, the regional office conceded it and awarded him benefits, but only as of the date he provided his unit information and dates of service in Viet Nam in a post-traumatic stress disorder questionnaire, nearly six years after his initial claim had been filed. Id. at 276.
On appeal, the Court concluded that the veteran was entitled to an effective date as of the date he filed his original claim because the grant of benefits was based on newly associated service department records, see 88 C.F.R. § 3.156(c)(1), and the information needed to obtain these records — the veteran’s unit number and dates of service in Viet Nam — had been part of the veteran’s claims file all along. Mayhue, 24 Vet.App. at 280. Accordingly, the Court explained that ‘VA’s failure to verify [the veteran’s] stressor was the result of an administrative error in locating his unit records,” not the veteran’s failure to supply sufficient information. Id.
In the present case, it is undisputed that, at the time the appellant’s claim was previously denied for lack of a verifiable, in-service stressor, VA had before it the appellant’s dates of service in Viet Nam and his unit information. Further, and unlike in Mayhue, here the appellant had gone a step further by providing a statement describing the stressor that ultimately was verified in the Report of Battles, even accurately reporting that the described events occurred during “the first part of 1967.” R. at 763. Accordingly, and based on the holding of Mayhue, I conclude that, as a matter of law, VA’s failure to verify the appellant’s stressor under these circumstances was the result of VA’s administrative error, as opposed to a failure on the appellant’s part to supply sufficient information. Accordingly, I conclude, as a matter of law, that the second exception found in § 3.156(c)(2) is not applicable here.
Because the incontestable facts found by Agency decisionmakers below lead to only one plausible conclusion — that § 3.156(c) applies — I would reverse the Board decision that the appellant is not entitled to an earlier effective date and remand this matter with instructions to institute an effective date for his award of benefits in accordance with the provisions of § 3.156(c)(3).